UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KABIL ANTON DJENASEVIC,

    Petitioner,

v.                                        CASE NO. 8:15-cv-914-T-27MAP
                                         CRIM. CASE NO. 8:02-cr-424-T-27MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's motion (cv Dkt. 58) in which he requests the court direct the Government to provide him copies of: 1) "all statements of individuals interviewed by law enforcement in connection with the investigation and prosecution of the underlying criminal case, but not called by the Government [as] witnesses at trial;" 2) "the plea agreements of case cooperators, and to identify said cooperators;" 3) "all law enforcement records related to electronic surveillance used in gathering case evidence against petitioner;" and 4) "all statements made by co-conspirators to law enforcement." The Government filed a response in opposition (cv Dkt. 64) in which AUSA Joseph Ruddy indicates that: 1) when he initially appeared in Petitioner's criminal case in September 2011, "significant portions of the reports and physical evidence. . .in the prosecution file and the files of the investigating agencies" had been destroyed, "largely due to the age of the case, a 2002 Indictment, and the fact that the case had been affirmed on direct appeal in October 2007;"[1] 2) all documents in the Government's possession from September 2011 until January 2012

---

[1] Petitioner pleaded guilty on August 1, 2005 (cr Dkt. 125). His conviction and sentence were affirmed in 2007 (cr Dkt. 249). In 2011, the Eleventh Circuit reversed the denial of his Section 2255 motion, and remanded to this court to determine whether he wished to withdraw his guilty plea. *Djenasevic v. U.S.*, 425 F. App'x 834 (11th Cir. 2011). He

(the date of Petitioner's trial following remand) were turned over to former defense counsel; and 3) "[n]o more evidence of the type the Petitioner wishes to obtain. . .exists."

The court cannot compel the Government to provide documents or information that does not exist or is no longer in its possession. *See, e.g., Mathis v. Wachovia*, 2006 U.S. Dist. LEXIS 91073, 2006 WL 3747300, at *2 (N.D. Fla. Dec. 18, 2006) ("Clearly, if documents do not exist or are not in Defendant's possession or control, the court cannot compel Defendant to produce the documents.").

Accordingly, Petitioner's motion (cv Dkt. 58) is **DENIED**.

**DONE AND ORDERED** on March 15th, 2017.

*/s/ Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies furnished to: Counsel of Record

---

withdrew his plea, and the court vacated his conviction and sentence on August 18, 2011 (cr Dkt. 283). On January 26, 2012, a jury found him guilty on all counts (cr Dkt. 373).